526 S.E.2d 525

**Heather SPAULDING, Plaintiff Below, Appellee,**

v.

**MINGO COUNTY BOARD OF EDUCATION, Defendant Below, Appellant.**

**No. 26221.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 1999.

Decided Dec. 10, 1999.

Mark A. Mitchell, Esquire, Williamson, West Virginia, Attorney for the Appellee.

Jeffrey K. Phillips, Esquire, Ancil G. Ramey, Esquire, Steptoe & Johnson, Charleston, West Virginia, Attorneys for the Appellant.

PER CURIAM:

This is an appeal by the Mingo County Board of Education from a judgment of the Circuit Court of Mingo County awarding Heather Spaulding $250,000 for personal injuries which she sustained when attacked by another student at Tug Valley High School in Mingo County. On appeal, the Mingo County Board of Education contends that the judgment for $250,000 was clearly excessive and erroneous in light of the evidence adduced during the case. It also claims that the circuit court erred in admitting evidence regarding the alleged misconduct of a student other than the one who attacked Heather Spaulding at Tug Valley High School.

## I.

### FACTS

In the fall of 1993, Heather Spaulding, who was then 16 years old, and who was a student at Tug Valley High School, began experiencing problems with two other students, Shannon Finley and Rene Goff, who, on repeated occasions, harassed her while she was riding a school bus.

In response to the harassment, Heather Spaulding's mother attempted to contact the principal or some other person at Tug Valley High School about the situation. She, however, was not able to make contact. She did call the school bus driver who agreed to keep an eye on the situation.

Over the next several months, the harassment did not stop and, in fact, became more intense, and problems occurred in the school cafeteria. Finally, on March 15, 1994, the driver of the school bus reported the harassment to the principal at Tug Valley High School. As a consequence, on March 21,

1994, the principal and the dean of students called a meeting between Heather Spaulding and Shannon Finley and Rene Goff. As a result of the meeting, the dean of students noted that Heather Spaulding was afraid of Shannon Finley, but that she felt that the conflict had been resolved.

On March 22, 1994, Rene Goff, one of the students who had been in the meeting the day before, followed Heather Spaulding down a hallway at Tug Valley High School during a class change. She openly threatened Heather, but Heather continued to her locker with her head down. When Heather arrived at her locker, Rene Goff jumped on her from behind, knocked her against the locker and beat her for two or three minutes until a male student pulled her off. According to a witness at the event, the beating was totally one-sided. According to the Board of Education, "[Heather] Spaulding suffered only the mildest of injuries, requiring no long-term treatment, and had fully recovered within a few weeks." According to Heather and others who saw her, she suffered a cut on her forehead, a cut on her eye, and was covered with blood. She had imprints in her face from rings worn by Rene Goff. She had a big knot on her head; she had bruises all over her back and her body, and both of her eyes were blackened. After the incident, according to Heather, she suffered from headaches, blackouts and dizziness, and she had a continuing problem with her vision.

After the incident, the principal at Tug Valley High School informed Heather that he could not assure her safety, and she returned to the school during the remainder of the school year only to pick up assignments and to take tests. When she did return to the school, her mother accompanied her. Heather's parents transferred her to a private school for the following school year.

As a result of the beating, Heather instituted an action in the Circuit Court of Mingo County against the Board of Education alleging that the Board of Education had negligently failed to supervise its employees and students and had failed to prevent the battery which occurred.[1]

The case was subsequently tried by a jury, and during the trial of the case, Heather Spaulding introduced a substantial amount of evidence not only about the conduct of Rene Goff in beating her, but also the conduct of Shannon Finley, the other individual who had been harassing her prior to the beating. The appellant objected to the introduction of the testimony relating to the conduct of Shannon Finley, but the trial court nonetheless allowed it into evidence.

At the conclusion of the trial, the jury returned a verdict of $400,000 for Heather Spaulding. The appellant moved for a remittitur and, after taking the question under consideration, the trial court granted the remittitur and reduced the award to $250,000.

In the present proceeding, the appellant claims that the award of $250,000 in damages was clearly excessive in view of the fact that the injuries sustained by Heather Spaulding were *de minimus*. The appellant also claims that the circuit court erred in admitting the testimony relating to the alleged misconduct of Shannon Finley since, according to the appellant, it was surprised by the evidence and since the evidence was irrelevant, and its

1. The complaint specifically alleged:

   6. That the defendant Mingo County Board of Education and its employees were negligent, *inter alia*, in the following particulars; to-wit:
   (a) failing to be present for hall duty;
   (b) failing to prevent the battery of one student by another;
   (c) failing to supervise its employees and students;
   (d) failing to address a problem of teacher absenteeism when the defendant knew or should have known of the problem; and,
   (e) failing to suspend the "problem student" prior to the subject incident.
   7. That the defendant Mingo County Board of Education knew or should have known that the "Problem Student" was dangerous and incorrigible and was negligent in failing to take actions to supervise, expel or otherwise address the student's conduct.

   \* \* \*

   9. That as a proximate result of the negligence of the defendant Mingo County Board of Education, plaintiff Heather Spaulding has sustained permanent injury; has incurred and will in the future incur medical bills for treatment of her injuries; has endured and will in the future endure pain and suffering, embarrassment and emotional distress; and, has suffered a diminution in her ability to earn money and enjoy life.

probative value, if any, was outweighed by its unduly prejudicial effect. Also, the appellant claims that the evidence was outside the scope of the pleadings and the pretrial order.

## II.

## DISCUSSION

After examining the question of when it is appropriate for a court to set aside a verdict on the basis of excessiveness, this Court in Syllabus Point 4 of *Reed v. Wimmer*, 195 W.Va. 199, 465 S.E.2d 199 (1995), concluded:

> Before a verdict may be reversed on the basis of excessiveness, the trial court must make a detailed appraisal of the evidence bearing on damages. Because the verdict below is entitled to considerable deference, an appellate court should decline to disturb a trial court's award of damages on appeal as long as that award is supported by some competent, credible evidence going to all essential elements of the award.

In the present case, the trial judge specifically noted that there was evidence during trial which indicated that Heather Spaulding had suffered physical injuries including bruises and lacerations and that there was "... substantial evidence of embarrassment, humiliation and emotional damages." On the basis of the trial court's examination of the evidence, the trial court granted the remittitur sought by the appellant and reduced the $400,000 verdict rendered by the jury to $250,000.

As has previously been indicated, the evidence relating to the nature of Heather Spaulding's injuries was conflicting. The appellant has characterized it as showing that "[Heather] Spaulding suffered only the mildest of injuries, requiring no long term treatment, and had fully recovered within a few weeks." On the other hand, evidence adduced in behalf of Heather Spaulding showed that her forehead was cut, that she had a cut on her eye, that both her eyes were blackened, that there was a large knot on her head, that she had bruises all over her back and body and that after the struggle with Rene Goff, she was covered with blood. She also introduced evidence that following the

incident, she suffered from headaches, blackouts and dizziness and a continuing problem with vision.

In arguing that the $250,000 judgment rendered by the trial court was excessive, the appellant claims that the attorney for Heather Spaulding urged the jury to include a punitive element in the jury's compensatory damages award. It appears to this Court that counsel for Heather Spaulding stressed that: "That's all I'm asking you to do is compensate her...."

After reviewing the conflicting evidence adduced during this trial, this Court believes that it was sufficiently competent and credible to support the ultimate award of damages rendered by the trial court, and the Court also believes that, in line with the holding in Syllabus Point 4 of *Reed v. Wimmer, id.,* it would be inappropriate for the Court to set aside that award on the ground that it was excessive. Certainly, evidence of a continuing problem with vision and injuries resulting in extensive bleeding, if believed, could be viewed as showing more than the "mildest of injuries" and could support a substantial damage award such as that ultimately received by Heather Spaulding.

The second claim made by the appellant is that the circuit court erred in admitting the evidence of the alleged misconduct of Shannon Finley, since Shannon Finley did not actually commit the battery upon Heather Spaulding which resulted in the institution of this proceeding. The appellant argues that its attorney was surprised by the testimony and that it was outside the scope of the pleadings and the pretrial order in this case.

As has been previously noted, Heather Spaulding in instituting this action, did not claim that the appellant, the Board of Education, battered her or that the appellant, as a result of its violent character, injured her. Rather, she claimed that the appellant had been negligent in failing to supervise its employees and students and in failing to prevent the battering which occurred.

During the development of the case, each party submitted to the trial court a pretrial statement which framed the facts to be

proved at trial. In its pretrial statement, the appellant said:

> The Mingo County Board of Education intends to argue that it fulfilled its duty owed to the plaintiff by making efforts to resolve any possible conflict between the plaintiff and anyone else prior to the day of the fight. Further, it fulfilled its duty by having a teacher in the vicinity of where the fight occurred. A teacher also assisted in stopping the fight moments after it began.

In her pretrial statement, Heather Spaulding said:

> On 22 March 1994 at approximately 10:50 a.m., Plaintiff Heather Spaulding was putting books in her locker on the first floor of Tug Valley High School, at Naugatuck, Mingo County, West Virginia. Without provocation, Rene Goff, walked up to Heather and said she was going to beat her up. Heather stated that she did not want to fight and turned to put another book in her locker. Rene then threw Heather against the locker and hit her about the face and head for what seemed to be a long time. Rene was pulled off Heather by a third student, a male. Eventually, a teacher came upon the scene and took Heather by the arm to the office. Heather had lacerations around her eyes and was bleeding from her head. Plaintiff was transported to Dr. Aranas at the Warfield Heath Care Clinic for treatment of her injuries.

An examination of the pleadings and the pretrial statements rather clearly suggests that the parties anticipated that evidence would be introduced relating to the conflicts that Heather had prior to the day of the battery, for the appellant's own statement indicated that it intended to show that it had made "efforts to resolve any conflict between the plaintiff and anyone else prior to the day of the fight." Additionally, during a deposition taken from Heather Spaulding on July 24, 1997, Heather Spaulding was questioned about Shannon Finley. The questioning proceeded as follows:

> Q. It says in the newspaper article that the attack was the result of an ongoing dispute between two students carried out by a third student. What's this ongoing dispute?
>
> A. That's the Shannon Finley. What I was telling how she was causing—trying to cause problems, trying to get me to fight with her and say things to me.

In light of what was contained in the appellant's pretrial statement and the questioning which occurred during the taking of the depositions, we cannot conclude that the appellant was truly surprised when the conflict between Heather Spaulding and Shannon Finley surfaced at trial. Further, the fact that its own pretrial statement said that it intended to show that it had made efforts to resolve conflicts between Heather Spaulding and others prior to the day of the fight shows that it considered the prior conflicts to be within the scope of the pleadings and relative to the issues on trial.

■ On appeal, the appellant also argues that the evidence of the appellant's prior conflict with Shannon Finley constituted evidence of "other crimes, wrongs, or acts" which was not legally admissible under Rule 404(b) of the West Virginia Rules of Evidence.

Rule 404(b) of the West Virginia Rules of Evidence provides, in part:

> *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule places a limitation on the introduction of character evidence where such character evidence is otherwise admissible. Most commonly, character evidence is introduced into criminal prosecutions and is not a part of civil cases. As stated in 1 Franklin

D. Cleckley, *Handbook on Evidence for West Virginia Lawyers*, § 4–4(E):

> As a general rule, character evidence is not admissible in a civil case unless it be made an issue by the pleadings or the proof, as in actions for libel and slander, malicious prosecution, or cases of seduction. See Rule 405(b). In these exceptions to the rule, character is generally involved, and the amount of the damages recoverable may be affected thereby. *Skidmore v. Star Ins. Co.*, 126 W.Va. 307, 27 S.E.2d 845 (1943); *Horton v. Tyree*, 104 W.Va. 238, 139 S.E. 737 (1927); *Hess v. Marinari*, 81 W.Va. 500, 94 S.E. 968 (1917 [1918]). Also, character evidence is admissible where punitive damages are sought. In *Raines v. Faulkner*, 131 W.Va. 10, 48 S.E.2d 393 (1947), the court stated:
>
> > [T]he general rule is that the good character of the defendant is not admissible in a civil case. But there is an exception to that general rule where the nature and basis of the subject matter of a civil case involves proof of criminal intent, such as cases wherein facts giving rise to allowance of punitive damages are alleged and proved. In the latter instances evidence relating to reputation and character which would be admissible in a criminal prosecution, based on the same facts proved, may be admitted in a civil case.

The present case is not one of the civil cases in which character evidence is admissible. It is not a case for liable or slander, or one for malicious prosecution, or a case of seduction. The complaint does not seek punitive damages. The central charge against the appellant, which is the Board of Education, is that the appellant acted negligently in failing to protect Heather Spaulding.

While the evidence relating to the conduct of Shannon Finley may suggest that she was of questionable character, it says nothing about the character of the appellant, the Board of Education. On the other hand, the evidence of the conduct of Shannon Finley, and the appellant's attempt to deal with that conduct does tend to show that the appellant had knowledge of the fact that Heather Spaulding was being harassed prior to the time of the injurious attack upon her. In this case, such knowledge is relevant since it reflects on the question of whether the appellant acted negligently in handling the question of Heather Spaulding's safety.

Even if Rule 404(b) were deemed to apply in a case such as the one presently before the Court, this Court believes that the references to Sharon Finley would be admissible under the knowledge exception contained in the rule.

In view of this, and in view of the fact that the record fails to substantiate the appellant's claim that its attorney was surprised by the references to Sharon Finley, this Court cannot conclude that the trial court committed reversible error in allowing the evidence relating to Sharon Finley into evidence during the trial of this case.

For the reasons stated, the judgment of the Circuit Court of Mingo County is affirmed.

Affirmed.

Justice MAYNARD, deeming himself disqualified, did not participate in the decision in this case.

Justice SCOTT did not participate in the decision in this case.

Judge ROBERT B. STONE, sitting by temporary assignment.

Judge CLARENCE L. WATT, sitting by temporary assignment.